UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LANIER THOMPSON,

                Plaintiff,                Case No. 1:12-cv-1327

v.                                                Honorable Janet T. Neff

UNKNOWN SISSON et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Huss and Jones. The Court will serve the complaint against Defendants Sisson, Richardson and Fair.

## Discussion

I.  Factual allegations

Plaintiff Lanier Thomson presently is incarcerated at the Ionia Maximum Correctional Facility (ICF). He sues the following ICF officials: Deputy Warden Erica Huss and Correctional Officers (unknown) Sisson, (unknown) Richardson, P. Jones, and (unknown) Fair.

Plaintiff alleges that, on October 2, 2012, Defendant Jones came to Plaintiff's cell and threatened to beat him for standing at his door. Plaintiff wrote to Defendant Huss, complaining about the threat. Huss told Plaintiff that she did not believe him, and she refused to intervene. Sometime thereafter, Defendant Fair delivered Plaintiff's food loaf though his food slot. Fair smiled and told Plaintiff to enjoy his food, explaining that Fair had rubbed his penis on it and had spit on it. Plaintiff alleges that the food smelled like body odors and had yellowish spit on it. Plaintiff filed a grievance against Fair for his conduct.

On Friday, November 2, 2012, Defendant Sisson conducted rounds for prisoner showers. When Sisson skipped Plaintiff's cell, Plaintiff called out that he was ready for his shower. Sisson told Plaintiff that he was not going to be taken to the shower, and he ordered Plaintiff to "shut up before I beat your ass." (Am. Compl., docket #13, Page ID#76.) Plaintiff asked why Sisson was being derogatory and again asked to be taken to the shower. Sisson replied, "[Al]right you[r'e] getting [your] ass beat Thompson." (*Id.*) A few minutes later, Officers C. Mott and Jarmillo handcuffed Plaintiff and escorted him to the B Wing Unit 2 shower. When Plaintiff arrived, Defendants Sisson and Richardson were already inside the shower. Sisson walked up to Plaintiff, grabbed his neck and began choking him. Then Thompson and Sisson punched Plaintiff in the face, slammed him to the shower floor, punched him, pulled his hair, and mashed his face into the floor.

Plaintiff suffered cuts to his face and was bleeding.  Sisson told Plaintiff that the assault was for writing grievances against Fair and Jones.  Sisson told Plaintiff that he would be killed if he continued to write grievances.  Sisson further stated that he would personally kill Plaintiff before he would allow Plaintiff to get one of his "brothers" fired.  (*Id.*, Page ID#77.)  Sisson told Plaintiff that Officers Jones, Fair, Richardson, Rucker and Woods were his "family."  (*Id.*)  Sisson also threatened to send Plaintiff to Unit One, where Officers Woods and Rucker would beat Plaintiff, take his food trays, and write misconduct tickets on Plaintiff.  Sisson then placed Plaintiff in the shower cage and removed the handcuffs.  Plaintiff complains that unnamed other officers watched the assault and refused to intervene.

On the following Monday, November 5, 2012, Plaintiff was seen by Nurse Marolas.  Plaintiff told Marolas that the cuts on his face, neck and forehead had been caused by the assault on November 2, 2012.  Richardson overheard Plaintiff say that he had been assaulted and demanded to know what assault Plaintiff was complaining about.  Plaintiff refused to answer because Richardson had been present and had participated in the assault.  Plaintiff told Marolas that he feared staff would harm him.  Nurse Marolas told Plaintiff, "I'm sorry Thomson the[re] [is] nothing I can do."  (*Id.*, Page ID#78.)  When the nurse left, Richardson grabbed Plaintiff out of his chair and pushed him back to his cell, while twisting on his handcuffs and causing Plaintiff's wrists to bleed.  Richardson stated, "Didn't Sisson tell you not to tell about what he did to you[?]  [N]ow you[r'e] going to get it again from me."  (*Id.*)  Richardson told Plaintiff not to come out of his cell or risk

being "fucked up." (*Id.*) Because of his fear of the officers, Plaintiff subsequently told his psychologist that he had caused his own injuries by self-mutilation and attempted suicide.[1]

Plaintiff seeks injunctive relief in the form of a transfer to another facility, mental health treatment, and the dismissal of all Defendants from their jobs. He also seeks to recover all of Defendants' collective assets as damages.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that

---

[1] It is not entirely clear from Plaintiff's amended complaint whether he merely told his psychologist that his injuries from November 2, 2012 were self-inflicted or whether Plaintiff subsequently committed self-harm or attempted suicide. The factual question, however, is not dispositive of the Court's review at this stage of the proceedings.

-4-

the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Huss, other than his claim that she failed to conduct an investigation in response to his complaints or adequately supervise and discipline her subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d

295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Huss engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

With respect to Defendant Jones, Plaintiff alleges that, on a single occasion one month prior to the assault by Sisson and Richardson, Jones threatened to beat Plaintiff if he did not move away from his cell door. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits);

*Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment."). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Jones arising from his alleged verbal threat on a single occasion.

Moreover, even if Sisson expressed an intent to retaliate for Plaintiff's filing of a grievance against his friend, Jones, Plaintiff alleges no fact that Defendant Jones shared Sisson's retaliatory purpose. As a consequence, Plaintiff fails to allege that Jones participated in any act of retaliation.

With respect to the remaining Defendants, the Court concludes that Plaintiff's allegations are sufficient to warrant service of the amended complaint.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Huss and Jones will be dismissed for failure to state a claim pursuant

to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the amended complaint against Defendants Fair, Sisson and Richardson.

An Order consistent with this Opinion will be entered.


Dated: March 4, 2013   /s/ Janet T. Neff
Janet T. Neff
United States District Judge