UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LANIER THOMPSON,

       Plaintiff,                         Hon. Janet T. Neff

v.                                             Case No. 1:12-CV-1327

UNKNOWN SISSON, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Summary Judgment, (Dkt. #75), and Plaintiff's Motion for Summary Judgment, (Dkt. #78). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions both be **denied**.

## BACKGROUND

Plaintiff Lanier Thomson is presently incarcerated at the Marquette Branch Prison. The alleged events giving rise to this action occurred at the Ionia Maximum Correctional Facility (ICF). Plaintiff sues the following ICF officials: Deputy Warden Erica Huss and Correctional Officers (unknown) Sisson, (unknown) Richardson, P. Jones, and (unknown) Fair. The following allegations are contained in Plaintiff's amended complaint. (Dkt. #13).

On October 2, 2012, Defendant Jones came to Plaintiff's cell and threatened to beat him for standing at his door. Plaintiff wrote to Defendant Huss, complaining about the threat. Huss told Plaintiff that she did not believe him and refused to intervene. Sometime thereafter, Defendant Fair

delivered a meal to Plaintiff. Fair smiled and told Plaintiff to enjoy his food, explaining that he had spit and rubbed his penis on the food. Plaintiff observed yellowish spit on his food which smelled like body odors. Plaintiff filed a grievance against Fair.

On November 2, 2012, Defendant Sisson conducted rounds for prisoner showers. When Sisson skipped Plaintiff's cell, Plaintiff called out that he was ready for his shower. Sisson told Plaintiff that he was not going to be taken to the shower. Sisson also ordered Plaintiff to "shut up before I beat your ass." Plaintiff asked why Sisson was being derogatory and again asked to be taken to the shower. Sisson replied, "[al]right you[r'e] getting [your] ass beat." A few minutes later, Officers Mott and Jarmillo handcuffed Plaintiff and escorted him to the B Wing Unit 2 shower. When Plaintiff arrived, Defendants Sisson and Richardson were already inside the shower. Sisson walked up to Plaintiff, grabbed his neck and began choking him. Sisson then punched Plaintiff in the face, slammed him to the shower floor, punched him, pulled his hair, and pushed his face into the floor.

Sisson told Plaintiff that the assault was for writing grievances against Fair and Jones. Sisson told Plaintiff that he would be killed if he continued to write grievances. Sisson told Plaintiff that Officers Jones, Fair, Richardson, Rucker and Woods were his "family" and that he would personally kill Plaintiff before he would allow Plaintiff to get one of his "brothers" fired. Sisson also threatened to send Plaintiff to Unit One, where other officers would beat him, take his food trays, and charge him with misconduct violations.

On November 5, 2012, Plaintiff was examined by Nurse Marolas. Plaintiff told Marolas that the cuts on his face, neck and forehead had been caused by Sisson beating him. Richardson overheard Plaintiff comment that he had been assaulted and demanded to know what assault Plaintiff was complaining about. Plaintiff refused to answer because Richardson had been present during the

assault by Sisson. Plaintiff told Marolas that he feared staff would harm him. Nurse Marolas told Plaintiff, "I'm sorry Thompson the[re] [is] nothing I can do." When the nurse left, Richardson grabbed Plaintiff out of his chair and pushed him back to his cell, while twisting on his handcuffs and causing his wrists to bleed. Richardson stated, "didn't Sisson tell you not to tell about what he did to you[?] [N]ow you[r'e] going to get it again from me." Richardson told Plaintiff to stay in his cell or risk being "fucked up." Because of his fear of the officers, Plaintiff subsequently told his psychologist that he had caused his own injuries by self-mutilation and attempted suicide.

Plaintiff's claims against Defendants Huss, Jones, Richardson, and Fair have since been dismissed. Plaintiff now moves for summary judgment as to his claims against Defendant Sisson.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th

Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

As stated above, to prevail on his motion for summary judgment Plaintiff, because he bears the burden at trial on his claims for relief, must demonstrate that the evidence in this matter "is so powerful that no reasonable jury would be free to disbelieve it" and that in light of such evidence "no reasonable trier of fact could find other than for" Plaintiff. In support of his motion for summary judgment, however, Plaintiff has neither submitted evidence nor identified or discussed any previously submitted evidence of record. Instead, Plaintiff argues that he is entitled to summary judgment because

Defendant Sisson has failed to prove that the allegations in his complaint are not true. Plaintiff's argument reflects a profound misunderstanding of the law and what Plaintiff must demonstrate to obtain relief. Accordingly, the undersigned recommends that Plaintiff's motions for summary judgment be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (Dkt. #75), and Plaintiff's Motion for Summary Judgment, (Dkt. #78), both be **denied**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 9, 2014 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge