UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER THOMPSON,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                                      Case No. 1:12-CV-1327

UNKNOWN SISSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's Motion for Summary Judgment, (Dkt. #83), and Defendant's Motion for Summary Judgment, (Dkt. #98). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this action **dismissed**.

## BACKGROUND

    Plaintiff initiated this action against the following prison officials: (1) Erica Huss; (2) Unknown Sisson; (3) Unknown Richardson; (4) P. Jones; and (5) Unknown Fair. Plaintiff's claims against Defendants Huss, Jones, Richardson, and Fair have since been dismissed. As for his claims against Defendant Sisson, Plaintiff alleges the following in his amended complaint. (Dkt. #13).

    On November 2, 2012, Defendant Sisson conducted rounds for prisoner showers. When Sisson skipped Plaintiff's cell, Plaintiff called out that he was ready for his shower. Sisson told Plaintiff that he was not going to be taken to the shower. Sisson also ordered Plaintiff to "shut up before I beat

your ass." Plaintiff asked why Sisson was speaking to him in that manner and again asked to be taken to the shower. Sisson replied, "[al]right you[r'e] getting [your] ass beat." A few minutes later, Officers Mott and Jarmillo handcuffed Plaintiff and escorted him to the B Wing Unit 2 shower. When Plaintiff arrived, Defendants Sisson and Richardson were already inside the shower. Sisson walked up to Plaintiff, grabbed his neck and began choking him. Sisson then punched Plaintiff in the face, slammed him to the shower floor, punched him, pulled his hair, and pushed his face into the floor.

Sisson told Plaintiff that the assault was for writing grievances against Fair and Jones. Sisson told Plaintiff that he would be killed if he continued to write grievances. Sisson told Plaintiff that Officers Jones, Fair, Richardson, Rucker and Woods were his "family" and that he would personally kill Plaintiff before he would allow Plaintiff to get one of his "brothers" fired. Sisson also threatened to send Plaintiff to a different housing unit, where other officers would beat him, take his food trays, and charge him with misconduct violations. Plaintiff and Defendant Sisson both move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably

find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Eighth Amendment Claim**

At the outset, the Court must address Defendant's argument that Plaintiff has waived any Eighth Amendment claim. At his deposition, Plaintiff was asked to describe what his "specific claim" was against Defendant Sisson to which Plaintiff stated "assault and retaliation." (Dkt. #99, Exhibit A

at Page ID#442). Plaintiff was then specifically asked whether his claim arose under the Eighth Amendment's Cruel and Unusual Punishment provision, to which Plaintiff stated, "no, assault and battery." (Dkt. #99, Exhibit A at Page ID#442). After Plaintiff reiterated that he was pursuing an assault and battery claim, Plaintiff was again asked whether he was pursuing an Eighth Amendment claim against Defendant Sisson, to which Plaintiff stated, "not at the moment, no." (Dkt. #99, Exhibit A at Page ID#442). Under the circumstances, the Court finds that Plaintiff has waived any Eighth Amendment claim and is instead asserting against Defendant Sisson a state law claim for assault. *See, e.g., Smith v. Merline*, 797 F.Supp.2d 488, 501 n.7 (D.N.J. 2011) (noting that a plaintiff can waive a claim via his deposition testimony); *Bennett v. Gates*, 2010 WL 4668367 at *5 (S.D. Ind., Nov. 9, 2010) (same). However, whether Plaintiff's claim is characterized as a state law claim for assault or an Eighth Amendment claim to be free from cruel and unusual punishment, Defendant Sisson is nevertheless entitled to summary judgment.

Defendant Sisson has submitted an affidavit in which he asserts that he did not assault Plaintiff. (Dkt. #99, Exhibit C). Sisson has also submitted copies of the relevant housing log book entries which indicate that Plaintiff was not part of the group of prisoners taken to the showers on the date in question. (Dkt. #99, Exhibit C). Finally, Defendant Sisson has submitted copies of Plaintiff's medical records which do not support Plaintiff's claim that he was beaten by Sisson on November 2, 2012. (Dkt. #100 at Page ID#475). In response, Plaintiff has submitted or referenced three items none of which advance his cause.

It is well recognized that "only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) (quoting *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001)). Affidavits

may be submitted in support of or opposition to a motion for summary judgment. *See* Fed. R. Civ. P. 56(e). To be admissible in a summary judgment proceeding an affidavit must either: (a) be "sworn to before an officer authorized to administer an oath, such as a notary public, or (b) be "an unsworn declaration which is dated and signed by the declarant" and "subjects the declarant to penalties of perjury." *Trapaga v. Central States Joint Board Local 10*, 2007 WL 1017855 at *2 (N.D. Ill., Mar. 30, 2007) (citations omitted); *see also*, *McConnell v. Ritz-Carlton Watertower*, 39 Fed. Appx. 417, 420 (7th Cir., June 5, 2002) (in resolving motion for summary judgment, court properly rejected statements that "were not notarized or subscribed under penalty of perjury"); *Howell v. New Mexico Department of Aging & Long Term Services*, 2010 WL 3965927 at *4 (10th Cir., Oct. 12, 2010) (same).

In support of his motion for summary judgment, Plaintiff submitted a purported affidavit. (Dkt. #104, Page ID#493). This document is neither properly sworn nor subjects the declarant to perjury. Accordingly, this document cannot be considered by the Court in the present context. Plaintiff later submitted a purported affidavit from a fellow prisoner. (Dkt. #119 at Page ID#510-11). This document, however, suffers from the same shortcoming, it is neither properly sworn nor subjects the declarant to perjury. Thus, the Court is precluded from considering this item. Finally, in the body of his motion for summary judgment, Plaintiff makes reference to a previously submitted affidavit executed by a fellow prisoner. (Dkt. #83 at Page ID#370; Dkt. #19, Exhibit 1). This document likewise fails to advance Plaintiff's position.

This document, unlike the two aforementioned documents, does contain a verification statement. Such is located at the top of the page and states that the "foregoing is true and correct." (Dkt. #19, Exhibit 1). The assertions on which Plaintiff relies to support his motion for summary judgment, however, occur *after* this verification statement. The word "foregoing" refers to that "previously stated,

written, or occurring." *See* Foregoing, available at http://www.thefreedictionary.com/foregoing (last visited on February 18, 2015). Thus, the assertions appearing subsequent to this verification statement are not encompassed by such. Thus, such allegations are not admissible as evidence in support of Plaintiff's motion for summary judgment. Moreover, this purported affidavit does not allege facts advancing Plaintiff's position as the assertions therein are not based on first hand knowledge of the events in question.

Accordingly, the undersigned recommends that Plaintiff be found to have waived any Eighth Amendment claim against Defendant Sisson and instead to have asserted a state law claim for assault. The undersigned further recommends that Defendant Sisson's motion for summary judgment be granted as to Plaintiff's assault claim or, in the alternative, that the Court dismiss without prejudice Plaintiff's assault claim so that he may pursue such in state court. *See* 28 U.S.C. § 1367(c)(3) (the district court may decline supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction"); *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) ("if the federal claims are dismissed before trial. . .the state claims should be dismissed as well"); *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). In the event that Plaintiff is deemed not to have waived his Eighth Amendment claim, the undersigned recommends that Defendant Sisson's motion for summary judgment be granted as to such.

**II.     Retaliation**

Plaintiff alleges that Defendant Sisson beat him in retaliation for writing grievances against two other corrections officers. The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse

action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Accordingly, even if Plaintiff demonstrates that his protected conduct "was a motivating factor in the defendant's action," Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42.

In his affidavit, Defendant Sisson denies that he assaulted Plaintiff and, moreover, asserts that as of November 2, 2012, he "had no specific knowledge of any grievances that Plaintiff filed against

any staff at ICF." (Dkt. #99, Exhibit C). Plaintiff has failed to submit any admissible evidence to the contrary. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's retaliation claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment, (Dkt. #83), be **denied**; Defendant's Motion for Summary Judgment, (Dkt. #98), be **granted**; and this action **dismissed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 24, 2015          /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge