UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANIER THOMPSON,

    Plaintiff,

v

UNKNOWN SISSON, et al.,

    Defendants.
_____/

Case No. 1:12-cv-1327

HON. JANET T. NEFF

## OPINION AND ORDER

More than two years ago, on December 5, 2012, Plaintiff filed this multi-claim prisoner civil rights action pursuant to 42 U.S.C. § 1983 against five Michigan Department of Corrections (MDOC) Defendants, after Plaintiff was allegedly assaulted at the Ionia Correctional Facility (ICF). As a result of this Court's Order following initial screening, 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c) (3/4/2013 Order, Dkt 17), and this Court's Order on the motion for summary judgment filed by Defendants Fair, Richardson and Sisson (Dkt 3/20/2014 Order, 69), all claims have been dismissed except Plaintiff's Eighth Amendment excessive force and First Amendment retaliation claims against Defendant Sisson, who is the only remaining Defendant.

Plaintiff filed a motion in April 2014 seeking summary judgment in his favor (Dkt 83). Defendant filed a motion for summary judgment in August 2014 (Dkt 98). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation on the motions (Dkt 112). The Magistrate Judge recommends that Plaintiff be found to have waived any Eighth Amendment excessive force claim against Defendant and instead to have asserted a state law claim for assault

(*id.* at 7). The Magistrate Judge therefore further recommends either that Defendant Sisson's motion for summary judgment be granted as to Plaintiff's assault claim or, in the alternative, that the Court dismiss without prejudice Plaintiff's assault claim so that he may pursue such in state court (*id.*, citing 28 U.S.C. § 1367(c)(3)). As for Plaintiff's retaliation claim, because Plaintiff failed to submit admissible evidence contradicting Defendant's evidence, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted as to Plaintiff's retaliation claim (*id.* at 9).

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 114). Though neither clearly delineated nor clearly articulated, Plaintiff's objections essentially advance six arguments, to wit: (1) the Magistrate Judge erred in finding that Plaintiff waived his Eighth Amendment claim; (2) the Magistrate Judge improperly relied on Plaintiff's deposition testimony; (3) Plaintiff was improperly denied discovery, preventing him from gathering factual information; (4) the Magistrate Judge improperly recommended Defendant be granted summary judgment, despite the fact that Plaintiff's claim against Defendant survived initial screening; (5) Defendant is not entitled to summary judgment based on a defense of qualified immunity, and (6) the Magistrate Judge improperly denied Plaintiff's retaliation claim. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

1. Plaintiff's Eighth Amendment Claim

First, Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff waived his Eighth Amendment claim against Defendant. Plaintiff acknowledges that he stated on the record during his deposition that he was not alleging such a claim against Defendant, that he was pursuing

an "assault and battery claim," but he now claims that he "did not understand the question" asked by defense counsel (Objs, Dkt 114 at 1). This argument fails to identify any error by the Magistrate Judge, who noted that Plaintiff was asked multiple times during his deposition about his Eighth Amendment claim against Defendant, and Plaintiff answered in the negative on each occasion (R&R, Dkt 112 at 5, citing Df.'s Sum. J. Br., Dkt 99, Ex. A at 7).

Furthermore, the Court observes that at the outset of Plaintiff's deposition, defense counsel advised Plaintiff, "[i]f you don't understand a question that I've asked, I would like you to indicate to me that you don't understand the question . . . ." (Df.'s Sum. J. Br., Dkt 99, Ex. A at 3), which Plaintiff agreed to do. At no time did Plaintiff express any misunderstanding when asked about his Eighth Amendment claim. Indeed, when directly asked whether Plaintiff had "an active 8th Amendment claim against Officer Sisson[]," he replied, "Not at the moment, no" (*id.* at 7). In short, Plaintiff's position that he did not waive his Eighth Amendment claim because he misunderstood the deposition questions is untenable.

Nonetheless, Plaintiff asserts that he should "still be allow[ed] to remain with my original complaint," which he contends states an Eighth Amendment claim (Objs., Dkt 114 at 2). Plaintiff cites no authority for his position that he should be allowed, at this late date, to "remain with" the federal claim that he waived at his deposition. In contrast, the Magistrate Judge determined that a plaintiff can waive a claim in a deposition (R&R, Dkt 112 at 5, citing *Smith v. Merline*, 797 F. Supp. 2d 488, 501 n.7 (D. N.J. 2011), and *Bennett v. Gates*, No. 1:09-CV-00647-TWP, 2010 WL 4668367, at *5 (S.D. Ind. Nov. 9, 2010)). Plaintiff's objection to the result fails to demonstrate any factual or legal error in the Magistrate Judge's reasoning or conclusion that he waived his federal claim.

2. Plaintiff's Deposition

Next, Plaintiff argues in the alternative that it was error for the Magistrate Judge to rely on his deposition testimony because he was "supposed to have the [court] reporter in the room with me which that did not happen . . . ." (Objs., Dkt 114 at 2, 12). Plaintiff claims the court reporter's physical absence at his location violates an unspecified federal rule, and therefore the deposition should not be used as evidence (*id.* at 2).

Plaintiff's argument lacks merit.

Plaintiff's Exhibit J indicates that the court reporter was with defense counsel in Lansing during Plaintiff's deposition, and that Plaintiff's deposition was taken remotely, via video conference from the prison (Dkt 114-1 at 14). Under the applicable federal rule, FED R. CIV. P. 30, depositions may be taken by telephone and by other remote electronic means. If Plaintiff disagreed with being deposed remotely, then the time to raise such objection was either before or at the deposition, not several months after the deposition concluded. Therefore, Plaintiff has not demonstrated that the Magistrate Judge improperly relied on Plaintiff's deposition testimony.

3. Discovery

Plaintiff asserts multiple times throughout his objections that the Magistrate Judge refused him discovery, which ultimately prevented Plaintiff from gathering facts necessary to defeat Defendant's motion for summary judgment (Objs., Dkt 114 at 1, 13, 14).

Plaintiff's assertion is not supported by the record.

On April 22, 2013, the Magistrate Judge issued a Case Management Order providing for a 120-day period of discovery (CMO, Dkt 31). Further, on August 19, 2013, the Magistrate Judge granted Plaintiff's request for discovery, providing Plaintiff until September 3, 2013, to submit

discovery requests to Defendants (Dkt 53).  The Magistrate Judge denied Plaintiff's subsequent discovery motions either because Plaintiff failed to demonstrate that he had first submitted the discovery requests to Defendants (Orders, Dkts 50, 54, 70, 80, 111), or because Plaintiff failed to demonstrate that Defendants acted improperly (Order, Dkt 65).  Even assuming arguendo that the discovery Plaintiff sought is relevant to the resolution of the motions before the Court, Plaintiff's argument demonstrates no error by the Magistrate Judge in the handling of his requests.

### 4. Summary Judgment/Screening

Plaintiff briefly argues that summary judgment would be improperly granted to Defendant because "this Court past [sic, passed] Plaintiff at screening" (Objs., Dkt 114 at 1).  While the Court allowed service of Plaintiff's claims against Defendant following an initial screening of his Complaint (Op. & Order, Dkts 16 & 17), Plaintiff cites no authority precluding a Magistrate Judge, after the conclusion of discovery and full briefing on summary judgment, from subsequently recommending summary judgment on the same claims.  Here, although Plaintiff may have initially alleged facts that, *if true*, were sufficient to state a claim, the Magistrate Judge determined that the claims were insufficient to subsequently survive Defendant's motion for summary judgment.  Plaintiff's objection fails to demonstrate any error by the Magistrate Judge.

### 5. Summary Judgment/Qualified Immunity

Plaintiff makes multiple assertions that Defendant should not be granted summary judgment based on qualified immunity (Objs., Dkt 114 at 3, 6, 14).  However, the Magistrate Judge did not recommend granting Defendant summary judgment based on qualified immunity.  Therefore, Plaintiff's objection is without merit.

6. Retaliation Claim

Plaintiff references his retaliation claim several times throughout his objections, but simply to re-allege that Defendant assaulted him in retaliation for filing grievances (Objs., Dkt 114 at 4-6).[1] His "objections" are not responsive to Magistrate Judge's retaliation analysis and are therefore denied. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

7. Miscellaneous

Last, in the interest of thoroughness, the Court notes that Plaintiff's objections and exhibits reference another lawsuit that Plaintiff either initiated or intends to file against psychologist Michael Moran, who treated Plaintiff at ICF (Objs., Dkt 114 at 7; Pl.'s Exs. E & F, Dkt 114-1), the relevance of which is unclear in this matter.

Having found no merit in Plaintiff's objections, the Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Specifically, this Court adopts the Magistrate Judge's recommendation that Plaintiff be found to have waived any Eighth Amendment claim against Defendant and the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment on Plaintiff's federal claims.

---

[1] To the extent Plaintiff's "objections" to the Magistrate Judge's retaliation analysis include an argument about retaliation by a different person, "Officer Rebecka Woods" (Objs., Dkt 114 at 5; Ex. K, Dkt 114-1 at 16-18), who is not named in Plaintiff's Complaint (Dkt 1), Amended Complaint (Dkt 13), or Motion to Amend Complaint (Dkt 91), the argument is deemed waived. The Sixth Circuit Court of Appeals has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Having resolved the claims over which this Court has original jurisdiction, the Court, in its discretion, 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), dismisses any state-law assault claim alleged therein without prejudice to Plaintiff pursuing the claim in state court. *See Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891 (6th Cir. 2001) ("[T]he usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."); *see also Moore v. Coffee Cnty., TN*, 402 F. App'x 107, 108 (6th Cir. 2010) ("No abuse of discretion results from a court's failing to anticipate an ancillary—and unvoiced—consequence of its legitimate dismissal."). Accordingly, the Court has not addressed Plaintiff's objections to the Magistrate Judge's alternative recommendation to dismiss Plaintiff's state-law assault claim on the merits.[2]

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

---

[2]Specifically, the Court has not considered the merits of Plaintiff's attempt to support the claim with a new version of the declaration that the Magistrate Judge declined to consider in support of his Eighth Amendment claim (Pl.'s Ex. L., Dkt 114-1 at 19; R&R, Dkt 112 at 7, citing Dkt 119 [sic, 110] at Page ID#510-11). Nor has the Court considered the merits of Plaintiff's assertion that the Magistrate Judge overlooked the evidence of his injuries, which Plaintiff argues creates an issue of fact precluding summary judgment on his assault claim (Objs., Dkt 114 at 2, 3-4, 9). Last, the Court has not considered the merits of Plaintiff's claim that Defendant and others conspired and removed his name from a logbook to cover up evidence that Defendant assaulted him (*id.* at 1-2, 8).

**IT IS HEREBY ORDERED** that the Objections (Dkt 114) are DENIED, and the Report and Recommendation (Dkt 112) is APPROVED and ADOPTED as the Opinion of the Court, as noted herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 83) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Sisson's Motion for Summary Judgment (Dkt 98) is GRANTED, and the Eighth Amendment excessive force and First Amendment retaliation claims alleged against Defendant Sisson in Plaintiff's Amended Complaint (Dkt 13) are DISMISSED WITH PREJUDICE, for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that any state-law assault claim Plaintiff alleges in his Amended Complaint (Dkt 13) is DISMISSED WITHOUT PREJUDICE, for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: March 31, 2015           /s/ Janet T. Neff
                                JANET T. NEFF
                                United States District Judge